IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY M. SALZMAN, #173071, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-CV-0001-MHT |
| ) | |
| ALABAMA BOARD OF PARDONS ) | |
| and PAROLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Larry M. Salzman ["Salzman"], a state inmate, challenges the decision to deny parole issued on July 27, 2006. Salzman names the Alabama Board of Pardons and Paroles, members of the parole board and an individual who protested his parole as defendants in this cause of action. Salzman seeks monetary damages and his release on parole.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).[1]

**I. DISCUSSION**

**A. The Alabama Board of Pardons and Paroles**

The law is well-settled that a state agency is absolutely immune from suit. *Papasan v.*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Allain*, 478 U.S. 265 (1986). Moreover, a state agency is merely an extension of the State and is therefore "not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the Alabama Board of Pardons and Paroles are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). These claims are therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Individual Protestor

Salzman asserts that a woman "hired by some one to speak, whom is of no relationship to" his case protested his parole. *Plaintiff's Complaint - Court Doc. No. 1* at 3. It is clear from a thorough review of the complaint that the plaintiff challenges the protest lodged by an individual representing Victims of Crime Against Leniency ["VOCAL"], a private organization which represents the interests of crime victims. Under applicable federal law, this individual is not a proper party in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged

2

>
> constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear that the individual representing the victim on behalf of VOCAL is not a state actor nor are her actions in any way attributable to the State. Moreover, the court concludes that the mere fact an individual lodges a protest to the release of an inmate on parole, standing alone, fails to implicate the Constitution. In light of the foregoing, the court concludes that the instant claims against this defendant are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. The Parole Board Members

Salzman complains that members of the parole board improperly denied him parole. Salzman seeks monetary damages from these defendants and his release on parole.

1. <u>Request for Monetary Damages</u>.  Parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974). The actions about which the plaintiff complains relate to actions undertaken by parole board members relative to the denial of Salzman's parole. Under these circumstances, the actions of the parole board members are inextricably intertwined with their decision-making authority and they are therefore absolutely immune from damages

3

liability. Consequently, Salzman's claims relative to imposition of monetary damages against members of the parole board are due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

    2. <u>Request for Release on Parole</u>. Salzman complains that he is improperly confined on the 2006 decision to deny parole and requests that this court order his immediate release on parole. *Plaintiff's Complaint - Court Doc. No. 1* at 3. This claim provides no basis for relief at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

    In *Heck*, the Supreme Court held that claims arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until" the challenged decision "is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact ... of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was subject to summary dismissal as no cause of action existed under section 1983. *Heck*, 512 U.S. at 481.

    In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also

4

when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole). Salzman has not shown that the adverse action of the parole board has been invalidated in an appropriate civil action. Thus, the instant collateral attack is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that the plaintiff presently has no cause of action under § 1983 with respect to claims challenging the validity of his confinement arising from an adverse parole decision and these claims are therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Board of Pardons and Paroles and the individual protestor appearing at his parole hearing be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims for monetary damages against members of the Alabama Board of Pardons and Paroles be dismissed with prejudice as required by the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

3. To the extent the plaintiff seeks his release on parole, this claim be DISMISSED

without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case be dismissed prior to service of process.

It is further

ORDERED that **on or before January 22, 2008** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE